UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAD ABED ABBAS,

    Plaintiff,

v.

Civil Case No. 19-13367
Honorable Linda V. Parker

MEGAN J. BRENNAN,
POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE,
_____/

# **OPINION AND ORDER DENYING PLAINTIFF'S PETITION FOR AN ATTORNEY**

On November 14, 2019, Plaintiff initiated this lawsuit against Defendant claiming discrimination in employment. Defendant thereafter filed a motion to dismiss arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Plaintiff has been granted an extension of time to respond to Defendant's motion, and the deadline for him to respond is March 12, 2020. On February 11, 2020, Plaintiff filed a motion asking the Court to appoint counsel to represent him. (ECF No. 16.)

There is no constitutional right to counsel in civil cases. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citations omitted). However, a court may appoint counsel to represent a civil plaintiff when warranted by "exceptional circumstances." *Id*. at 606 (citations omitted). When deciding whether

exceptional circumstances exist, courts consider " 'the type of case and the abilities of the plaintiff to represent himself.' " *Id*. (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). "This generally involves a determination of the ' 'complexity of the factual and legal issues involves.' " *Id.* (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)).

The facts and legal issues at issue to resolve Defendant's motion to dismiss are not particularly complex. Plaintiff's response to the Court's show cause order when he failed to file a timely response to Defendant's motion to dismiss and his pending motion requesting counsel reflect that he has the ability to represent himself—at least until Defendant's motion to dismiss is resolved. However, Plaintiff is encouraged to visit the *Pro Se Clinic* at the Theodore Levin Courthouse. It appears that Plaintiff has received information concerning the clinic's services.

If Defendant's motion is not granted, the Court will reconsider Plaintiff's request without Plaintiff having to renew his motion.

In short, at this time, the Court finds that the appointment of counsel to represent Plaintiff is not warranted. His request, therefore is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 12, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 12, 2020, by electronic and/or U.S. First Class mail.

                                                     s/ R. Loury  
                                                   Case Manager