UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAD ABED ABBAS

       Plaintiff,

v.

       Civil Case No. 19-13367
       Honorable Linda V. Parker

MEGAN J. BRENNAN,
POSTMASTER GENERAL,
UNITED STATES POSTAL
SERVICE,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DENYING PLAINTIFF'S "MOTION"

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"). Plaintiff Jad Abed Abbas[1] claims that he was wrongfully terminated from his position with the United States Postal Service based on his religion, national origin, and perceived sexual orientation. Defendant is Megan J. Brennan, Postmaster General for the United States Postal Service. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's

---

[1] At some point in time, Plaintiff appears to have changed his name to Jad Abed Abbas from George H. Omar. The Equal Employment Opportunity Commission documents Plaintiff attached to his Complaint are addressed to George Omar (*see* ECF No. 1 at Pg ID 13-14), as are the documents attached to Defendant's motion to dismiss. (*See* ECF Nos. 7-1 to 7-6).

1

Complaint on the basis that Plaintiff did not exhaust all administrative remedies. For the following reasons, the Court is granting Defendant's motion.

I. **Standard for Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The

plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II. Factual and Procedural Background

Plaintiff worked for the United States Postal Service as a postal carrier from 2001 until March 2014. (Compl., ECF No. 1 at Pg ID 6.) Prior to his termination, Plaintiff claimed that he was harassed multiple times at work due to his race, religion, and perceived sexual orientation. (*Id.*)

In 2005, Plaintiff filed an internal complaint against his supervisors with the postmaster. (*Id.* at Pg ID 7) In 2010, Plaintiff sent another complaint to a different postmaster concerning the harassment he was receiving from his supervisors and received no response. (*Id.*) In November 2013, Plaintiff filed another complaint against his supervisors with the postmaster, and still received no response. (*Id.*) In February 2014, Plaintiff received a letter to report for a "Fitness for Duty" exam. (*Id.* at Pg ID 8.) Plaintiff failed to report to this exam and was subsequently fired from his position in March 2014. (*Id.*)

Following his termination, Plaintiff retained counsel and, on July 11, 2014, filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*) An administrative judge held a hearing concerning this complaint in October 2016. (Def.'s Mot. Ex. 2 at 1, ECF No. 7-3 at Pg ID 52)[2]. On March 1, 2017, the

---

[2] As Plaintiff refers to his EEOC filing and the administrative judge's decision in his Complaint, the Court may consider the EEOC documents attached to Defendant's motion. *See Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011).

administrative judge found that Plaintiff "…had not established race, religion, or national origin discrimination but that [Plaintiff] had established retaliation for reporting sexual harassment." (Def.'s Mot. Ex. 1, ECF No. 7-2.) The administrative judge further found that the agency was entitled to excuse Plaintiff from his position after Plaintiff failed to report for the fitness for duty examination. (*Id.*) The administrative judge ordered the agency to pay Plaintiff $5,000 in non-pecuniary compensatory damages and instructed it to conduct an investigation into Plaintiff's claim for pecuniary damages. (Def.'s Mot. Ex. 5 at 2, ECF 7-6 at Pg ID 67.)

On March 7, 2017, Plaintiff and his counsel were each sent a Notice of Final Action by certified mail. (Def.'s Mot., Ex. 2, ECF No. 7-3.) The notice indicated that the agency would be implementing the administrative judge's decision and informed Plaintiff and his counsel that: (1) Plaintiff could appeal to the EEOC Office of Federal Operations ("OFO") within thirty (30) calendar days of receipt of the decision; or (2) Plaintiff could file a civil action in the appropriate United States District Court within ninety (90) calendar days of receipt of the decision. (*Id.* at 2, Pg ID 53.) Plaintiff and his Counsel were re-mailed the notice via certified mail on March 23, 2017, as each of their addresses had recently changed. (Def.'s Mot. Ex. 3 at 1-2, ECF No. 7-4 at Pg ID 55-56.) Plaintiff and his attorney received the notices on March 25 and 27, 2017, respectively. (*Id.*)

5

Plaintiff took no action. (*Id.*) A Notice of Final Decision was issued on June 12, 2017, informing Plaintiff that due to his lack of response to the first notice, his right to seek pecuniary damages was revoked. (*Id.*) The notice informed Plaintiff of his right to file a civil action within 90 days of the decision. (*Id.* at 3, Pg ID 57.) This notice also was sent to Plaintiff and his counsel via certified mail on June 12, 2017. (*Id.* at 4, Pg ID 58.) Plaintiff took no action in response to this notice either.

However, on October 30, 2017, Plaintiff filed an appeal with the EEOC OFO. (Def.'s Mot. Ex. 4 at 1, ECF No. 7-5 at Pg ID 59.) This appeal was untimely, as it was filed 221 days after Plaintiff received the notice of final action, and 140 days after Plaintiff was issued the final decision order. In his appeal, Plaintiff claimed that he received the Notice of Final Decision on August 11, 2017. (*Id.*) Even if Plaintiff received this order only at this late date, he was required to file his appeal no later than September 10, 2017 for it to be considered timely. (*Id.*)

On February 27, 2019, the OFO dismissed Plaintiff's appeal because of its untimeliness. (*Id.*) The OFO found that Plaintiff had been on notice as to the amount of time he had to assert a timely appeal. (*Id.* at 3, Pg ID 61) Therefore, because Plaintiff did not file his appeal within the 30-day time frame, the OFO found that Plaintiff could not appeal the EEOC's decision. (*Id.*) Further, the OFO

found that Plaintiff had not asserted an adequate excuse for an extension of time to file his appeal. (*Id.*)

Plaintiff then filed a timely request for reconsideration of the OFO's Dismissal of Appeal. (Def.'s Mot., Ex. 5, ECF No. 7-6.) On August 14, 2019, the EEOC OFO denied Plaintiff's request for reconsideration, again citing the Plaintiff's untimely appeal of the original OFO decision. (*Id.*) The EEOC OFO stated that Plaintiff had not demonstrated that the decision by the appellate commission was based on an erroneous interpretation of the facts. (*Id.*) Further, because Plaintiff acknowledged that his first appeal was untimely and gave no further explanation to excuse his untimeliness, the OFO concluded the complaint had to be dismissed. (*Id.*)

On November 14, 2019, Plaintiff filed his Complaint in federal court. On January 6, 2020, Defendant filed her Motion to Dismiss. (ECF No. 7.) Plaintiff failed to timely respond to Defendant's motion. Therefore, on January 31, 2020, this Court ordered Plaintiff to show cause in writing within fourteen days as to why Defendant's motion should not be granted. (ECF No. 11.)

On February 6, 2020, Plaintiff responded to the show cause order and claimed that he did not receive Defendant's Motion to Dismiss. (ECF No. 12.) Plaintiff was then granted additional time to respond to Defendant's motion. On March 2, 2020, Plaintiff filed a "Brief in Support of a Hearing" in which he failed

to respond to Defendant's arguments, but instead challenged the credibility of Defendant's counsel. (ECF No. 18.) Plaintiff's filing was docketed as a motion.

## III. Defendant's Argument

In her Motion to dismiss, Defendant asserts that Plaintiff cannot state a claim for relief since he failed to exhaust his administrative remedies. Defendant further contends that Plaintiff cannot meet his burden of demonstrating that he was entitled to equitable tolling of the 30-day OFO appeal deadline. (*Id.* at ¶ 44.) As indicated above, Plaintiff does not address Defendant's arguments in the "motion" he filed in response.

## IV. Analysis

### A. Timely Exhaustion of Administrative Remedies

Complainants asserting an employment discrimination claim under Title VII are required to exhaust all administrative remedies before they are able to sue. *See Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citing *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002)). As the court in *Lockett* laid out:

> Administrative exhaustion requirements for federal employees include: consultation with an EEO counselor within forty-five days of the allegedly discriminatory incident, 29 C.F.R. § 1614.105(a)(1); filing an individual complaint of discrimination with the allegedly discriminatory agency, 29 C.F.R. § 1614.106(a); and receipt of a final agency decision, 29 C.F.R. § 1614.110(a). The employee may file a discretionary appeal of an agency's final action to the Equal Employment Opportunity Commission ("EEOC") within thirty days of final agency action. 29 C.F.R. § 1614.402(a). Within ninety days of receiving notice of the final agency action or the EEOC decision, or within 180 days of filing the initial complaint with the agency or

>the appeal with the EEOC, the employee can file civil suit in a U.S. District Court. 29 C.F.R. § 1614.407(a)–(d).

*Lockett*, 259 F. App'x at 786.

A complainant must file an action within the time frame allotted for the action to be considered by the Commission. The time period for a complainant to file an action in federal court begins to run when the complainant or complainant's lawyer receives the notice of final decision from the EEOC OFO. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) (citing *Link v. Wabash R. Co.,* 370 U.S. 626, 634 (1962) (quoting *Smith v. Ayeri* 101 U.S. 320, 326 (1880))).

The complainant, here Plaintiff, must have followed the timeline stated above to have properly exhausted his administrative remedies. Failure to exhaust administrative remedies in a timely manner is an affirmative defense. *Lockett*, 259 F. App'x at 786. As an affirmative defense, Defendant bears the burden of pleading and proving Plaintiff's failure to satisfy the exhaustion requirements. *Id.* (citing *Williams v. Runyon,* 130 F.3d 568, 573 (3d Cir. 1997); *Bowden v. United States,* 106 F.3d 433, 437 (D.C.Cir. 1997)).

Defendant asserts that Plaintiff failed to file his EEOC appeal within the timeframe required by 29 C.F.R. § 1614.402. The record reflects that Plaintiff in fact did not file his appeal within 30 days of receiving the Notice of Final Action or Notice of Final Decision. Plaintiff's timely filing of his federal court complaint did not cure the untimeliness of his administrative appeal. *Jenkins v. Porter*, 271

F. Supp. 2d 557, 563 (S.D.N.Y. 2003); *see also Dobbins v. Lew*, No. 14 CV 253, 2014 WL 7048963 (N.D. Ohio Dec. 11, 2014) ("filing the suit within 90 days cannot cure the untimeliness of the original appeal"); *Kilgore v. Brennan*, No. 16-2102-STA-dkv, 2016 WL 11479288 (W.D. Tenn. July 18, 2016) (same).

Supreme Court and Sixth Circuit precedent establish that it is necessary to exhaust *all* administrative remedies prior to pursuing claims for relief under Title VII. *Jenkins*, 271 F. Supp. 2d at 563; *see also Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Mitchell v. Chapman*, 343 F.3d 811, 819-820 (6th Cir. 2003), *cert. denied,* 542 U.S. 937 (2004). Failing to appeal to the correct authority within the timeframe permitted is considered a failure to properly exhaust the administrative process. *Dobbins*, 2014 WL 7048963, at *3. As a result, Plaintiff's present action is barred due to failure to exhaust the available administrative remedies, unless he is entitled to equitable tolling.

### B. Equitable Tolling

Defendant argues that Plaintiff is not entitled to equitable tolling of the appeal deadline. The Supreme Court has determined that the timely filing requirement of an EEOC claim is "subject to waiver, estoppel, and equitable tolling." *Lockett* 259 F. App'x at 786 (quoting *Zipes,* 455 U.S. at 393); *see also Mitchell*, 343 F.3d at 820.

In *Irwin*, the Supreme Court determined that the federal standard for extending relief to a complainant based on equitable tolling includes, "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. The Court also stated that, "[it has] generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*

The Sixth Circuit considers five factors when determining whether equitable tolling is warranted. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003). These factors are: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." *Id.* A plaintiff seeking equitable tolling must, "demonstrate facts showing his or her diligence in pursuing the claim." *Id.* Further, these factors are not exclusive, and a court is allowed to determine whether equitable tolling applies on a case-by-case basis. *Id.* Nevertheless, "the doctrine of equitable tolling is restricted and to be carefully applied. *Id*. (citing *Andrews v. Orr*, 851 F.2d 145, 151 (6th Cir. 1988)).

11

Plaintiff fails to demonstrate that he is entitled to equitable tolling. He has not stated any reason or explanation for his untimely appeal. The EEOC's decision dismissing Plaintiff's appeal reflects that Plaintiff previously blamed his untimeliness on attorney malpractice stating that, "his attorney did not inform him that he could appeal the Agency's order." (Def.'s Mot. Ex. 4 at 2, ECF No. 7-5 at Pg ID 60.) However, this is not an adequate excuse as, "the complainant … retains ultimate responsibility for the processing of his complaint." *See* 29 C.F.R. § 1614.605(e). Further, the administrative record reflects that Plaintiff was personally sent copies of the notices outlining his right to appeal and the time requirements for doing so—the first received on March 27, 2017, and the second on August 11, 2017. (Def.'s Mot. Ex. 2 at 3, ECF No. 7-3 at Pg ID 54; *see also id.* Ex. 3 at 4, ECF No. 7-4 at Pg ID 58; *id.* Ex. 4 at 3, ECF No. 7-5 at Pg ID 61.)

Applying the factors set forth by the Sixth Circuit also leads to the conclusion that equitable tolling is inappropriate to excuse Plaintiff's untimeliness. First, as stated previously, Plaintiff had adequate notice of the filing deadline. Further, Plaintiff's filings in federal court reflect that he could read and understand the documents he received from the EEOC. It would be unreasonable to assume that Plaintiff was ignorant of what the legal requirements were as the documents sent by the EEOC and the agency clearly stated the time requirements Plaintiff had to take any subsequent actions.

While the Sixth Circuit's factors are not exclusive, the record reflects that Plaintiff did not exercise due diligence in the administrative proceedings. As a result, the Court declines to apply equitable tolling to excuse the untimeliness of his filing.

For these reasons, Plaintiff failed to properly exhaust his administrative remedies and that failure cannot be excused by equitable tolling.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "motion" (ECF No. 18) is **DENIED**.

                                      s/ Linda V. Parker
                                      LINDA V. PARKER
                                      U.S. DISTRICT JUDGE

Dated: July 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 22, 2020, by electronic and/or U.S. First Class mail.

                                      s/ R. Loury
                                      Case Manager